**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DIMITRY KRASIL,

                Plaintiff,

        v.

ANGELO J. ONOFRI, *et al.*,

                Defendants.

Civil Action No. 24-9325 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendants Angelo J. Onofri, Theresa L. Hilton, Judge Douglas Hoffman, Christopher K. Koutsouris, Judge Louis S. Sancinito, and Kimberley Stuart's (collectively, "Defendants") motions to dismiss (ECF Nos. 25, 26, 27) Plaintiff Dimitry Krasil's ("Plaintiff") Second Amended Complaint (the "SAC") (ECF No. 11).[1] Plaintiff did not oppose. The Court has carefully considered Defendants' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Defendants' Motions (ECF No. 25, 26, 27) are granted.

I.     **BACKGROUND**

    A.    **Factual Background**[2]

Plaintiff is a New Jersey resident who claims he has been "subjected to systematic constitutional violations." (SAC ¶ 11, ECF No. 11.) Defendants are various municipal workers or

---

[1] The Court collectively refers to Defendants' motions to dismiss (ECF Nos. 25, 26, 27) as "Defendants' Motions" in this Memorandum Opinion.

[2] For the purpose of considering the instant motions, the Court accepts all factual allegations in the SAC as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

judges: (1) Defendant Angelo J. Onofri ("Onofri") is a Mercer County Prosecutor (*id.* ¶ 12); (2) Defendant Christopher K. Koutsouris ("Koutsouris") is a Robbinsville Municipal Prosecutor (*id.* ¶ 13); (3) Defendant Kimberley Stuart ("Stuart") is a Lawrence Municipal Prosecutor (*id.* ¶ 14); (4) Defendant Judge Douglas Hoffman ("Judge Hoffman") is a Robbinsville Municipal Court Judge (*id.* ¶ 15); and (5) Defendant Judge Louis S. Sancinito ("Judge Sancinito") is a Lawrence Municipal Court Judge (*id.* ¶ 16).[3]

Plaintiff alleges that on February 7, 2024, Onofri "personally signed a downgrade of charges without providing required constitutional documentation." (*Id.* ¶ 18.) On April 15, 2024, Koutsouris "issued a letter explicitly deflecting responsibility for providing constitutional documentation, while maintaining prosecution without required documents." (*Id.* ¶ 20.) On June 17, 2024, "the County Prosecutor's Office acknowledged no constitutional documents had been created" and then on August 13, 2024, "Judge Viscomi issued a decision establishing [the] County Prosecutor's responsibility for constitutional documentation." (*Id.* ¶¶ 21-22.) Despite this decision, Plaintiff alleges that Defendants continue to: "[(1)] [m]aintain prosecution without [a] constitutional basis[; (2)] [d]eflect responsibility for documentation[; (3)] [e]nable systemic violations[; and (4)] [d]eny fundamental rights[.]" (*Id.* ¶ 23.)

### B.    Procedural Background

In September 2024, Plaintiff, proceeding *pro se*, brought this case in the Superior Court of New Jersey, Mercer County, against Onofri and Hilton. (*See generally* Not. for Removal, ECF No. 1.) The named defendants removed the case to this Court and subsequently filed a motion to dismiss. (*See generally id.*; Mot. to Dismiss, ECF No. 3.) Plaintiff then filed an Amended

---

[3] Despite naming Defendant Theresa L. Hilton ("Hilton") as a defendant in this matter, Plaintiff provides no allegations as to Hilton anywhere in the SAC. (*See generally* SAC.)

Complaint, naming Onofri, Hilton, Stuart, and Judge Sancinito as defendants. (*See generally* Am. Compl., ECF No. 4.) The named defendants moved to dismiss the Amended Complaint. (*See generally* Mots. to Dismiss Am. Compl., ECF Nos. 6, 14.) On October 28, 2024, Plaintiff filed a proposed SAC adding Judge Hoffman and Koutsouris as named defendants, which the Court allowed, making the SAC the operative complaint. (*See generally* SAC; Letter Order, ECF No. 20.) Plaintiff brings the SAC "pursuant to 42 U.S.C. § 1983 for violations of constitutional rights under color of state law" and alleges ten causes of action: (1) a violation of Fourth Amendment Rights against all Defendants ("Count One"); (2) a violation of Due Process Rights against all Defendants ("Count Two"); (3) a violation of Sixth Amendment Rights against all Defendants ("Count Three"); (4) a violation of Equal Protection rights against all Defendants ("Count Four"); (5) "Administrative Failures" against Onofri ("Count Five"); (6) judicial misconduct against Judges Hoffman and Sancinito ("Count Six"); (7) a violation of New Jersey Court Rules against all Defendants ("Count Seven"); (8) conspiracy to violate constitutional rights against all Defendants ("Count Eight"); (9) failure to supervise and train against Onofri ("Count Nine"); and (10) "Municipal Court Jurisdiction Void" against all Defendants ("Count Ten"). (SAC ¶¶ 1, 33-55.)

On July 9, 2025, Defendants filed three separate motions to dismiss the SAC. (*See generally* Hilton & Onofri Mot. to Dismiss, ECF No. 25; J. Hoffman & Koutsouris Mot. to Dismiss, ECF No. 26; J. Sancinito & Stuart Mot. to Dismiss, ECF No. 27.) After Plaintiff failed to oppose any of Defendants' Motions, on July 28, 2025, Defendants' counsel filed correspondence asking the Court to grant the Motions as unopposed. (*See generally* Defs.' July 28, 2025, Correspondence, ECF No. 28.) The Court issued a Text Order providing Plaintiff one final opportunity to oppose Defendants' Motions. (*See* Nov. 17, 2025, Text Order, ECF No. 29.)

Plaintiff has still failed to file a response or otherwise seek additional time to file an opposition to any of Defendants' Motions.

Defendants move to dismiss the SAC, raising various arguments, including, but not limited to: (1) Plaintiff fails to state a claim upon which relief can be granted; (2) Defendants are entitled to immunity; and (3) the SAC is an improper group pleading. (*See generally* Hilton & Onofri Mot. to Dismiss; Hoffman & Koutsouris Mot. to Dismiss; J. Sancinito & Stuart Mot. to Dismiss.)

## II.    <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure[4] 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556

---

[4] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.    **DISCUSSION**

The Court finds that Plaintiff has failed to state a claim upon which relief can be granted for the reasons discussed below.

### A.    **Defendants' Motions are Unopposed**

As an initial matter, Defendants ask the Court to deem Defendants' Motions "unopposed" and grant Defendants' Motions on that basis. (*See* Defs.' July 28, 2025, Correspondence.) Despite being given an additional opportunity by this Court to respond to Defendants' Motions, Plaintiff has still failed to do so. (*See* Nov. 17, 2025, Text Order.) The Court will, accordingly, treat the motions as unopposed. Because Plaintiff is proceeding *pro se*, however, the Court will not grant Defendants' Motions solely on the basis that they are unopposed. *See, e.g.*, *Chocallo v. I.R.S. Dep't of Treasury*, 145 F. App'x 746, 747-48 (3d Cir. 2005) ("The District Court erred, however, by relying on a local rule to grant the motion to dismiss a *pro se* litigant's complaint as unopposed without undertaking a merits analysis." (citing *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991))); *Patrick v. N.J. State Prison*, No. 18-17324, 2025 WL 262237, at *5 (D.N.J. Jan. 22, 2025) ("[G]iven [p]laintiff's *pro se* status, the Court will undertake its own independent analysis of the merits of the [m]oving [d]efendants' arguments and the sufficiency of [p]laintiff's allegations.")

With that, the Court turns to a merits analysis of Defendants' Motions and Plaintiff's SAC.

**B.      Plaintiff Fails to Allege Facts as to Specific Defendants**

Defendants argue that the claims against all Defendants other than Onofri should be dismissed because Plaintiff fails to allege facts regarding each of their personal involvement in the alleged wrongdoings. (Hilton & Onofri Moving Br. 13, ECF No. 25-1; J. Hoffman & Koutsouris Moving Br. 16-17, ECF No. 26-3; J. Sancinito & Stuart Moving Br. 19-20, ECF No. 27-1.) The Court agrees.

The SAC names several Defendants but fails to specifically mention them in the SAC's factual allegations related to the asserted claims. For example, beyond naming Hilton as a defendant in the SAC, Plaintiff fails to allege any specific factual allegations as to Hilton, including any basic information about Hilton's role or title. (*See generally* SAC.) With respect to Stuart, Plaintiff only alleges that she is "the Lawrence Municipal Prosecutor who maintains prosecution while disclaiming responsibility" and attaches an email exchange between Stuart and Plaintiff where Stuart represents that she "did[ not] write any accusation" and that she "do[es] not represent Judge Sancinito." (*Id.* ¶ 14; *see generally* Ex. 5 to SAC, ECF No. 11-5.)

Plaintiff's allegations as to Judge Sancinito and Judge Hoffman are also quite limited. Plaintiff generally alleges that Count Six for judicial misconduct is asserted against both judges because they "have engaged in judicial misconduct by: [(1)] [p]roceeding without jurisdiction[; (2)] [i]gnoring binding superior court precedent[; (3)] [e]nabling known constitutional violations[; and (4)] [m]aintaining void proceedings[.]" (SAC ¶ 46.) Beyond that, Plaintiff specifically alleges that Judge Sancinito "is a Lawrence Municipal Court Judge who enables constitutional violations" (*id.* ¶ 16) and that Judge Hoffman is "a Robbinsville Municipal Court Judge who enables constitutional violations" (*id.* ¶ 15). Plaintiff does not otherwise plead specific facts regarding

6

either Judge Sancinito or Judge Hoffman's purported role in any specific conduct underlying Plaintiff's claims (*see generally id.*).

With respect to Koutsouris, Plaintiff alleges that he "is the Robbinsville Municipal Prosecutor who maintains prosecution while explicitly disclaiming responsibility for constitutional documentation" (*id.* ¶ 13) and that "[o]n April 15, 2024, . . . Koutsouris issued a letter explicitly deflecting responsibility for providing constitutional documentation, while maintaining prosecution without required documents" (*id.* ¶ 20). Plaintiff also attaches a letter from Koutsouris to Judge Hoffman as Exhibit 4 to the SAC but does not allege any facts regarding how the letter or any other conduct of Koutsouris relates to the asserted claims.  (*See generally* Ex. 4 to SAC, ECF No. 11-4; SAC.)

Even construing Plaintiff's *pro se* SAC liberally, *see Beasley v. Howard*, 623 F. Supp. 3d 434, 439 (D.N.J. 2022) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), the Court finds Plaintiff's allegations against Hilton, Stuart, Judge Sancinito, Judge Hoffman, and Koutsouris are not sufficient to state a claim upon which relief can be granted. *See Testa v. Hoban*, No. 17-1618, 2018 WL 623691, at *7 (D.N.J. Jan. 30, 2018) (finding that plaintiff "failed to plead 'a short and plain statement of the claim showing that the pleader is entitled to relief' against [certain d]efendants" where plaintiff failed to plead any allegations as to those defendants (citations omitted)); *McLeod v. Fifth Jud. Dist. of Pa.*, No. 20-1362, 2022 WL 13986832, at *2 (D.N.J. Oct. 24, 2022) ("Pleadings that fail to identify each defendant's role for the alleged wrong are insufficient." (citing *Pushkin v. Nussbaum*, No. 12-324, 2017 WL 1591863, at *7 (D.N.J. Apr. 28, 2017)); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) ("[P]ro se litigants still must allege sufficient facts in their complaints to support a claim.").

The Court therefore dismisses all claims against Hilton, Stuart, Judge Sancinito, Judge Hoffman, and Koutsouris.[5]

### C. Plaintiff's Claims against Onofri

Onofri argues in part that Plaintiff has failed to state a claim upon which relief can be granted and that Plaintiff's civil rights claims asserted against Onofri (Counts One through Five and Eight through Nine) should be dismissed because Onofri is entitled to prosecutorial immunity. (*See generally* Hilton & Onofri Moving Br.) The Court agrees that the claims asserted against Onofri should be dismissed.

First, the Court finds that Plaintiff has failed to plead allegations that support any of Plaintiff's claims against Onofri. Rather, Plaintiff generally alleges that: (1) Onofri was a Mercer County Prosecutor who signed a "February 7, 2024[,] downgrade and . . . has failed to provide required constitutional documents[,] including probable cause determination[s] and written accusations"; (2) Onofri's direct involvement is established by an August 2024 opinion from the Honorable Ana C. Viscomi and an email from his "authorized representative Jennifer Downing-Mathis"; and (3) "Onofri's actions directly caused a chain of constitutional violations[.]" (SAC ¶¶ 12, 18, 26, 32.) Based on this small subset of facts, Plaintiff attempts to allege nine causes of action against Onofri. "Even though *pro se* complaints are to be construed liberally, *pro se* litigants must still plead the essential elements of [their] claim and [are] not excused from

---

[5] The Court also notes that judicial immunity bars the claims asserted against Judge Sancinito and Judge Hoffman, as, from what the Court can discern from Plaintiff's allegations, the asserted claims relate to the judges' oversight and management of cases before them. (*See* J. Hoffman & Koutsouris Moving Br. 21-22; J. Sancinito & Stuart Moving Br. 12-15); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) ("Absolute judicial immunity shields judges from liability for such acts[ taken in their official capacity.]"); *Figueroa v. Blackburn*, 208 F.3d 435, 443 (3d Cir. 2000) (noting that "judges of courts of limited jurisdiction[, such as municipal judges,] are entitled to the protection of the doctrine of judicial immunity").

conforming to the standard [R]ules. . . ." *Okogun v. Trs. of Princeton Univ.*, No. 21-18957, 2022 WL 2347168, at *2 (D.N.J. June 29, 2022) (first and second alterations in original) (emphasis added) (internal quotation marks and citation omitted). The Court finds that Plaintiff has failed to meet his burden here.[6] *See id.* (finding *pro se* litigant failed to adequately plead a claim against defendant, noting that "instead of alleging which facts support each of his causes of action, the Court is left to decipher which allegations potentially support each cause of action, and which facts are simply information to contextualize the [c]omplaint").

Second, even if the Court found that Plaintiff adequately pleaded any claim asserted against Onofri, Onofri is entitled to prosecutorial immunity for Plaintiff's civil rights claims (Counts One through Five and Eight through Nine). "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012) ("Prosecutors . . . are immune from suit under § 1983 when 'act[ing] within the scope of [their] duties in initiating and pursuing a criminal prosecution.'" (second and third alterations in original) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976))).

---

[6] The Court also notes that Plaintiff's Count Seven, asserted against all Defendants, including Onofri, for "[v]iolation of New Jersey Court Rules" (*see* SAC ¶¶ 47-48), is not a cognizable cause of action. *See Rivera v. Wash. Mut. Bank*, 637 F. Supp. 2d 256, 266 n.18 (D.N.J. 2009) ("[T]here is no independent private right of action to remedy violations of New Jersey Court Rules." (citing *Whittingham v. Amended Mortg. Elec. Registration Servs.*, No. 06-3016, 2007 WL 1456196, at *7 (D.N.J. May 15, 2007)). Further, Plaintiff's Count Ten, asserted against all Defendants, including Onofri, for "[m]unicipal [c]ourt [j]urisdiction [v]oid" (*see* SAC ¶¶ 53-55) appears to be an improper attempt to bring a challenge in front of this Court which is appropriately raised in municipal court. *See, e.g., Duran v. Weeks*, 399 F. App'x 756, 758-59 (3d Cir. 2010) (finding district court's dismissal of plaintiff's complaint appropriate and noting that plaintiff could raise matters related to withholding of evidence or dismissal of the charges in state court with the state court).

Here, the crux of Plaintiff's claims, to the extent the Court can discern them, is that Onofri committed some type of wrongdoing in either: (1) bringing and maintaining an action against Plaintiff; (2) running operations and training within the prosecutor's office[7]; and/or (3) working with others to conspire to wrongfully prosecute or create required documents in connection with litigation brought against Plaintiff. (*See generally* SAC.) As pleaded in the SAC, Onofri's purported activities are entitled to prosecutorial immunity because they fall within Onofri's prosecutorial role. *See, e.g., Kulwicki v. Dawson*, 969 F.2d 1454, 1463-64 (3d Cir. 1992) ("A prosecutor is absolutely immune when making [the decision to initiate a prosecution], even where he acts without a good faith belief that any wrongdoing has occurred." (citations omitted)); *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008) ("[I]mmunity attaches to actions intimately associated with the judicial phases of litigation, but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." (internal quotation marks and citations omitted)); *Fogle v. Sokol*, 957 F.3d 148, 164 (3d Cir. 2020) (noting that activities such as "withh[olding] material exculpatory evidence from defense counsel, the court, and the jury; fil[ing] a criminal complaint without probable cause; and committ[ing] perjury before and during trial . . . are 'intimately associated with the judicial phase of the criminal process' . . . [a]nd all enjoy absolute immunity" (citations omitted)).

The Court, accordingly, finds that Plaintiff has failed to state a claim against Onofri.[8]

---

[7] The Court notes that, beyond a conclusory allegation regarding Onofri's failure to train and Onofri's purported "administrative failures," Plaintiff does not allege facts providing the Court with any basis to discern if Onofri's actions related to Counts Five and Nine fall within his prosecutorial role. (*See generally* SAC.)

[8] The Court further notes that prosecutors Koutsouris and Stuart are also protected by prosecutorial immunity for counts asserted against them that relate to the acts they performed in accordance with their prosecutorial roles. *See Buckley*, 509 U.S. at 273.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motions to Dismiss are granted. The following claims are dismissed with prejudice[9]: (1) Counts Seven and Ten as to all Defendants; (2) all claims against Judge Hoffman and Judge Sancinito; (3) all claims against Stuart and Koutsouris; and (4) all claims against Onofri except for Counts Five and Nine. Plaintiff's claims against Hilton (except for Counts Seven and Ten) and Counts Five and Nine asserted against Onofri are dismissed without prejudice. Out of an abundance of caution, Plaintiff will be afforded one final opportunity to amend to assert claims against Hilton and claims for failure to train and/or "administrative remedies" against Onofri.

The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated:    2/10/26

---

[9] The Court finds that permitting Plaintiff any additional opportunities to amend the claims specified above would be futile, particularly in light of the apparent immunity the prosecutor and judge defendants are entitled to. *See Baker v. Ahsan*, 785 F. App'x 904, 906 (3d Cir. 2019) (finding that the "[d]istrict [c]ourt did not err in holding further amendment would be futile" where the district court generously construed plaintiff's complaint and gave plaintiff multiple opportunities to amend his complaint); *Smith v. DeJoy*, No. 21-706, 2025 WL 240899, at *2 (W.D. Pa. Jan. 17, 2025) ("When a *pro se* plaintiff has been afforded multiple opportunities to cure defects of pleading and additional opportunity to amend appears to be futile, dismissal with prejudice and without leave to amend may be appropriate." (citing *Singleton v. Harbor Freight Manager*, No. 23-2889, 2024 WL 1406420, at *1 (3d Cir. Apr. 2, 2024))); *Harris v. Corbett*, No. 12-01, 2014 WL 580150, at *8 (W.D. Pa. Feb. 12, 2014) ("Moreover, 'if the court determines that plaintiff has had multiple opportunities to state a claim but has failed to do so, leave to amend may be denied.'" (citation omitted)), *aff'd*, 578 F. App'x 105 (3d Cir. 2014).

11